Bart F. Virden, Judge, concurring.
I agree with the majority that Rule 37.1 requires verification and that the verification requirement is of substantive importance to prevent perjury. I also agree that based on the ironclad precedent and pronouncements of the supreme court, this case must be affirmed. This concurrence is to call attention to another instance of how we, and in this case the appellant, are hamstrung by the catch-22 that can result from those precedents and pronouncements. As to the matters contained in the defendant's petition for postconviction relief, there could be no danger of perjury. It is purely a review of the record from the trial below. However, it is troubling that Jackson was denied the opportunity to comply with the verification requirement despite counsel's timely attempts and Jackson's repeated requests to do so on his own behalf. Jackson's counsel confirms that he was not allowed access to his client. In an affidavit attached to Jackson's motion to allow communication with his attorney, counsel explains that he called the East Arkansas Regional Unit where Jackson was housed more than twelve times but that he was not permitted to speak with Jackson. Counsel explained that when he was finally allowed to meet with his client, he attempted to bring documentation relating to the Rule 37 petition for Jackson to review and sign; however, counsel was told that he was not allowed to bring any written materials into the facility, and he was forced to leave the petition in the car. No doubt the rules of the correctional facility have sound, rational reasoning behind them, but because Jackson's attorney was not allowed to verify the petition that he prepared, and Jackson was not allowed the material from his trial, Jackson was cut off from the Rule 37 review process, and he has no recourse.
*461 The result, while procedurally congruous with precedent and technically correct, is fundamentally unfair in this application.